# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN FIGUEROA,<br><br>        Plaintiff,<br><br>    v.<br><br>KENNETH CLARK, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-00968-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION<br><br>(ECF Nos. 13, 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Background

Plaintiff Ruben Figueroa is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 15, 2019, Plaintiff filed a motion "requesting court order." (ECF No. 13.) In his motion, Plaintiff contends that, even though he needs to make copies of more than 150 pages of exhibits that demonstrate that he has exhausted the administrative remedies applicable to the claims raised in this action, the librarian is refusing to copy more than fifty (50) pages. Further, Plaintiff states that the California State Prison, Corcoran librarians are charging seventy (70) cents for a state petition for writ of habeas corpus form, even though the courts provide the form for free and no other state prison charges for the form. Therefore, Plaintiff requests that this

1

Court order the California State Prison, Corcoran Facility 3C Librarian to copy all necessary legal documents in support of this action and to stop charging for state and federal court forms that the courts provide for free. The Court construes Plaintiff's motion "requesting court order" as a motion for preliminary injunction.

On September 9, 2019, Plaintiff filed a motion for a preliminary injunction. (ECF No. 14.) In his motion, Plaintiff asserts that, even though he needs to make two copies of more than 150 pages of exhibits that demonstrate that he has exhausted the administrative remedies applicable to the claims raised in this action, the librarian is refusing to copy more than fifty (50) pages. Therefore, Plaintiff requests that this Court order the California State Prison, Corcoran Facility 3C Librarian to copy all necessary legal documents in support of this action.

**II.     Motions for Preliminary Injunction**

   A.     <u>Legal Standard</u>

"A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. <u>Id.</u> at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. <u>City of L.A. v. Lyons</u>, 461 U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u> Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the

Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969; see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

B. Discussion

In his two motions, Plaintiff seeks injunctive relief against the California State Prison, Corcoran Facility 3C Librarian or Librarians, who are not named as a defendant, or as defendants, in this action. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985). Therefore, the Court must deny Plaintiff's two motions for preliminary injunction because the Court lacks personal jurisdiction over the California State Prison Facility 3C Librarian or Librarians.

**III.    Order and Recommendation**

Accordingly, the Court HEREBY ORDERS that the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's two motions for preliminary injunction, (ECF Nos. 13, 14), be DENIED for lack of jurisdiction.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

3

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 6, 2020**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

4