# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN FIGUEROA, | Case No. 1:19-cv-00968-DAD-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| v. | (ECF No. 51) |
| CLARK, *et al.*, | |
| Defendants. | |

Plaintiff Ruben Figueroa ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Baughman, Clark, Gallagher, Alfaro, Goss, Juarez, Hence, and Llamas for failure to provide outside exercise in violation of the Eighth Amendment and against Defendants Baughman, Clark, Goss, Hence, Gallagher, Llamas, and Gamboa for violations of the Equal Protection Clause of the Fourteenth Amendment.

Currently before the Court is Plaintiff's motion to appoint counsel, filed August 30, 2021. (ECF No. 51.) In his motion, Plaintiff states that he is seeking appointment of counsel pursuant to 18 U.S.C. § 3006(a)(2)(B).[1] Plaintiff argues that appointment of counsel will not only benefit

---

[1] It appears Plaintiff is referencing 18 U.S.C. § 3006A(a)(2)(B), which provides: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under Section 2241, 2254, or 2255 of title 28."

1

1    Plaintiff and the Court-appointed attorney, but will also benefit the Court in allowing the issues to
2    be briefed in the best manner possible and in a much shorter time period, saving the Court time
3    and costs.  Plaintiff further argues that it is his first 42 U.S.C. § 1983 case, and in attending a
4    settlement conference in this case he did not know how to correctly articulate his claims.  Plaintiff
5    also states that he is currently in the ISUDT program, which takes a lot of time, and he is also
6    enrolled and finishing summer classes which keep him extremely busy with his essays and
7    homework assignments.  The law library at his institution is also difficult to repeatedly get access
8    to due to the pandemic, particularly without a court deadline.  Plaintiff is also no longer housed
9    with the inmate lawyer who was previously assisting him in this action.  (*Id.*)

10   Defendants have not yet had an opportunity to file a response to Plaintiff's motion, but the
11   Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

12   Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*
13   *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954
14   n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28
15   U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298
16   (1989).  However, in certain exceptional circumstances the court may request the voluntary
17   assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

18   Without a reasonable method of securing and compensating counsel, the Court will seek
19   volunteer counsel only in the most serious and exceptional cases.  In determining whether
20   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
21   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
22   complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

23   The Court has considered Plaintiff's request, but does not find the required exceptional
24   circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
25   made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
26   This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and with
27   limited access to the law library almost daily.  Many of these prisoners are also bringing a civil
28   action for the first time.  These litigants also must conduct legal research and litigate their cases

without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff has stated some cognizable claims, this does not mean he will prevail on the merits of his claims, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

With respect to 18 U.S.C. § 3006A, the Court notes that this statute applies to criminal proceedings, not civil actions like the one filed here.

Finally, the Court notes that if Plaintiff continues to experience limited access to the law library at his institution, he should seek appropriate extensions of time for any applicable deadlines.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 51), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __August 31, 2021__         /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

3