# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN FIGUEROA,<br><br>        Plaintiff,<br><br>    v.<br><br>CLARK, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-00968-ADA-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br><br>(ECF No. 85)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Ruben Figueroa ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Baughman, Clark, Gallagher, Alfaro, Goss, Juarez, Hence, and Llamas for failure to provide outside exercise in violation of the Eighth Amendment and against Defendants Baughman, Clark, Goss, Hence, Gallagher, Llamas, and Gamboa for violations of the Equal Protection Clause of the Fourteenth Amendment.

For the reasons that follow, the Court recommends that this action be dismissed, with prejudice.

**I.    Background**

On December 2, 2022, Defendants filed a motion for summary judgment on the grounds that there is no genuine dispute of material fact and Defendants are entitled to qualified immunity. (ECF No. 80.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d

1

952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 80-1.)  Plaintiff's opposition was therefore due on or before December 27, 2022.

On January 11, 2023, the Court ordered Plaintiff to show cause within twenty-one (21) days why this action should not be dismissed, with prejudice, for Plaintiff's failure to prosecute.  (ECF No. 82.)  Plaintiff was provided the opportunity to comply with the Court's order by filing an opposition or statement of non-opposition to the motion for summary judgment.  Plaintiff was warned that failure to comply with the Court's order would result in dismissal of this matter, with prejudice, for failure to prosecute.  (*Id.*)

On January 13, 2023, Plaintiff filed a notice of change of address and a request for a 30-day extension of time to file his opposition to Defendants' motion for summary judgment.  (ECF No. 83.)  The Court found good cause to grant the requested extension, and discharged the order to show cause.  (ECF No. 85.)  Plaintiff was permitted an additional thirty days to file his opposition, and was again warned that failure to file an opposition in compliance with the Court's order would result in dismissal of this action, with prejudice, for failure to prosecute.  (*Id.*)  Plaintiff's opposition was therefore due on or before February 20, 2023.

Plaintiff has failed to submit any response to Defendants' motion for summary judgment and has not otherwise communicated with the Court.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

(dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending since 2019, and Plaintiff's response or opposition to Defendants' motion for summary judgment is overdue. Plaintiff was warned that his failure to comply with the Court's order would result in dismissal of this action, with prejudice, for failure to prosecute. Plaintiff has failed to comply.

Plaintiff is obligated to comply with the Local Rules and was informed by Defendants of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and Defendants' notice, Plaintiff did not file an opposition. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's January 11, 2023 order to show cause and January 17, 2023 order discharging the order to show cause both expressly warned Plaintiff that if he failed to comply with those orders, this matter would be dismissed,

with prejudice, for failure to prosecute.  (ECF No. 82, p. 2; ECF No. 85, p. 2.)  Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance.  At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving an unopposed dispositive motion in a case which Plaintiff is no longer prosecuting.

**III.    Recommendation**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 27, 2023**            /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE

4